HERMANN v. UNITED STATES. LEON RHEIMS CO. v. SAME. SULLIVAN, DREW & CO. v. SAME.

(Circuit Court, S. D. New York. June 1, 1905.)

Nos. 3,524, 3,525, 3,526.

CUSTOMS DUTIES—CLASSIFICATION—BEAVER STRIPS—MANUFACTURES OF FUR.

Held, that so-called beaver strips, in the form of rectangular pieces of felted material measuring 15 to 24 inches wide and 36 to 48 inches long, used in the manufacture of hats and composed in part of wool, but chiefly of rabbit fur, are not within the provision in paragraph 370, Schedule K, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], for articles of wearing apparel in part of wool, nor within that in paragraph 432, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675], for hats or forms for hats, but are dutiable as manufactures in chief value of fur, under paragraph 450, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678].

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision under review affirmed the assessment of duty by the collector of customs at the port of New York on importations by Henry Hermann, the Leon Rheims Company, and Sullivan, Drew & Company.

The articles in controversy consist of various manufactures of rabbit fur and wool; the fur being the component material of chief value. They are known as "beaver strips," and are in the form of rectangular strips or bands, varying in width from about 15 to 24 inches and in length from about 36 to 48 inches. One of the samples put in evidence was in the shape of a section from a large tube, constituting when flat a double thickness about 24 inches square. They are felted, are dyed black and in colors, and are used in the manufacture of hats. A portion of the goods was classified under paragraph 370, Schedule K, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], and the remainder under paragraph 432, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675]. The importers contended that they should all have been classified under paragraph 450, 30 Stat. 193, [U. S. Comp. St. 1901, p. 1678]. The pertinent portions of said paragraphs read as follows:

"370. * * * Articles of wearing apparel of every description, * * * made up or manufactured wholly or in part, * * * composed wholly or in part of wool."

"432. Hats, bonnets, or hoods, * * * trimmed or untrimmed, including bodies, hoods, plateaux, forms, or shapes, for hats or bonnets, composed wholly or in chief value of fur of the rabbit, beaver, or other animals."

"450. * * * Manufacturers of fur, * * * or of which * * * [it] is the component material of chief value, not specially provided for."

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

Henry A. Wise, Asst. U. S. Atty.                    o

TOWNSEND, Circuit Judge.  The merchandise in question is cloth claimed by the importer to be a manufacture of fur, of which fur is the component of chief value, and dutiable at 35 per cent. ad valorem under Act July 24, 1897, c. 11, § 1, Schedule N, par. 450, 30 Stat. 193 [U. S. Comp. St. 1901, p. 1678].  The Board of General Appraisers, however, assessed the merchandise as articles of wearing apparel under paragraph 370, Schedule K, 30 Stat. 184 [U. S. Comp. St. 1901, p. 1667], or as fur hats and forms for hats under paragraph 432, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1675].

Apparently the Board rested its decision chiefly on the ground that the protests were submitted by the importers to be decided on the record, and therefore were to be treated as defaulted.  This claim of a default is not pressed on this appeal.  An examination of the exhibits, in connection with the testimony taken on behalf of the importers as to the character of the cloth, establishes the fact that the classification contended for by them was correct.

The decision of the Board of General Appraisers is reversed.